IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA BRUFFY <br> (BOP Register No. 54309-177), <br><br> Movant, <br><br> V. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:18-cv-348-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Christina Bruffy, a federal prisoner, filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 1. This resulting civil action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The government filed a court-ordered response to the Section 2255 motion. *See* Dkt. No. 5. Bruffy submitted correspondence that should be construed as a reply, *see* Dkt. No. 8, and later moved for permission to file an addendum to her Section 2255 motion, *see* Dkt. No. 9. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the Section 2255 motion and the motion for leave to amend the motion.

**Applicable Background**

Bruffy pled guilty to – and the Court adjudged her guilty of – distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and she was

sentenced to 188 months of imprisonment. *See United States v. Bruffy*, No. 3:16-cr-242-M (02) (N.D. Tex.). She did not appeal but did file, less than one year after the Court entered judgment, a Motion for Reconsideration Pursuant to 18 USC 3742 and *Johnson v. United States*. *See id.*, Dkt. No. 717. The Court referred that motion to the undersigned. *See id.*, Dkt. No. 720. And Bruffy was ordered to refile the claims in the motion on the appropriate form to the extent she sought relief under Section 2255, *see id.*, Dkt. No. 722, resulting in this action, in which Bruffy asserts a claim based on the Armed Career Criminal Act ("ACCA"); challenges an enhancement to her sentenced based on possession of a firearm; and alleges that her counsel was constitutionally ineffective, *see* Dkt. No. 1 at 7.

## Legal Standards

Relief under Section 2255 is limited to a claim "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). And a movant "has a burden of sustaining his contentions on a § 2255 motion by a preponderance of the evidence," *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)) – that is, "evidence by fifty-one percent, or to the extent of more likely than not," *United States v. Diaz*, 344 F. App'x 36, 43 (5th Cir. 2009) (per curiam) (citation, brackets, and internal quotation marks omitted); *see also Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971) ("A movant in a collateral attack upon a judgment has the burden to

allege and prove facts which would entitle him to relief."); *United States v. Ellis*, Crim. No. 13-286, 2018 WL 1005886, at *2 (E.D. La. Feb. 21, 2018) ("Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence." (citing *Wright*, 624 F.2d at 558)).

The Court reviews claims of ineffective assistance of counsel ("IAC") under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see id.* at 687-88. To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed … by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The movant also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

To demonstrate prejudice, a movant generally "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

## Discussion

First, to the extent that Bruffy seeks relief related to ACCA, her sentence was not enhanced under 18 U.S.C. § 924(e). So her claim based on ACCA and, liberally construed, further based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process," *id.* at 2563, fails. Her IAC claim that her "[d]efense attorney waited until hours of sentencing to notify petitioner the Government intent to seek [an ACCA enhancement]" similarly fails.

And her claim related to a sentencing enhancement based on possession of a firearm merely challenges on collateral review the calculation of her guidelines sentence. Any claim that the Court erred when it calculated his guideline sentence, "attacks head-on the sentencing Court's application" of the Sentencing Guidelines. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Such a claim is not cognizable in this collateral proceeding. *See id.* "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* (citations omitted); *see, e.g., United States v. Gobert*, No. 2:06 CR 20001-001, 2009 WL 1491193, at *1, *3 (W.D. La. May 26, 2009) (in response to challenge asserting that "Presentence Report and guideline calculation were wrongly enhanced by two points for possession of stolen firearm and by four points for being in possession of a firearm as a result of burglary," holding that movant

-5-

"is procedurally barred from raising his claims regarding the enhancements assessed in the Presentence Report as those are claims that he could have raised on direct appeal, but did not raise. A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255" (citations omitted)).

The Court should also deny Bruffy's motion for leave to amend her Section 2255 claims. *See* Dkt. No. 9 (asserting in a filing dated January 28, 2019 that, "[a]t this time it has come to petitioner[']s attention that there is a constitutional ground that petitioner was unaware of when she filed her original [Section 2255] motion" but failing to identify that ground for relief).

The Federal Rules of Civil Procedure – including Federal Rule of Civil Procedure 15, regarding amended and supplemental pleadings – apply to Section 2255 proceedings. *See* RULE 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (per curiam) ("It is well settled that Rule 15 applies to federal habeas proceedings." (citing *United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002))); *see also Blanton v. United States*, Nos. 3:12-cv-5077-L-BH & 3:10-cr-0237-L (01), 2013 WL 6009949, at *1 (N.D. Tex. Sept. 30, 2013) ("Because movant's proposed supplemental brief seeks to raise new arguments based on a recent Supreme Court case, it is liberally construed as a motion for leave to amend his § 2255 motion." (applying Rule 15)), *rec. adopted*, 2013 WL 6003482 (N.D. Tex. Nov. 13, 2013).

Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). That is, Rule 15(a) provides

a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, while leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598.

But, because Bruffy seeks to add a new claim for relief more than one year after her conviction and sentence became final, the Court must first consider Rule 15(c)(1)(B): "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." FED. R. CIV. P. 15(c)(1)(B); *see Gonzalez*, 592 F.3d at 679.

In *Gonzalez*, applying this relation-back test to a request to amend a Section 2255 motion, the United States Court of Appeals for the Fifth Circuit held that, even where a new claim is brought under the same constitutional theory as an existing claim (for example, a Sixth Amendment violation of the right to effective assistance of counsel), the new claim does

> not automatically relate back to prior [similar] claims simply because they violate the same constitutional provision. Rather, [a court] must look to whether [the movant's] new claim asserts "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." If it does, then his proposed amendment does

not relate back to his original pleading and is time-barred.

*Id.* at 680 (quoting *Mayle v. Felix*, 545 U.S. 644, 65 (2005)).

As such, Bruffy's conclusory motion to supplement her claims – by not identifying a claim she intends to add – not only fails to show that justice requires allowing amendment under Rule 15(a) but also fails to show that any new claims she intends to assert would be timely under Rule 15(c)(1)(B). The Court should therefore deny the motion.

## Recommendation

The Court should deny Movant Christina Bruffy's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Dkt. No. 1] and her motion for permission to file an addendum to her Section 2255 motion [Dkt. No. 9].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 29, 2019

                                                                                   _____

                                                                                   DAVID L. HORAN
                                                                                   UNITED STATES MAGISTRATE JUDGE